IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

WILLIAM F. YOUNG, JR.                                                                    PETITIONER
ADC #650486

V.                              NO. 5:10cv00200 SWW-JWC

RAY HOBBS, Director,                                                                     RESPONDENT
Arkansas Department of Correction

ORDER

In response to this 28 U.S.C. § 2254 petition for writ of habeas corpus, Respondent first asserts (doc. 7) that the petition is barred by the statute of limitations as set forth in 28 U.S.C. § 2244(d).  Generally, this provision bars as untimely a federal habeas petition not filed within one year of the date on which the petitioner's state court judgment of conviction became final.   *Id.* § 2244(d)(1).  The statute provides several reasons for tolling or extending the limitations period.  *Id.* § 2244(d)(1)(A)-(D) & (d)(2) (limitations period runs from the latest of: the date judgment became final, the date of removal of any unconstitutional state-created impediment to filing, the date of any United States Supreme Court decision initially recognizing a constitutional right that is retroactively applicable to cases on collateral review, or the date on which an underlying factual predicate could have been discovered through due diligence; time consumed by properly filed post-conviction proceedings in state court does not count against limitations period).

Alternatively, Respondent asserts that Petitioner failed to properly raise some of his claims for relief in state court.  A federal habeas claim must be dismissed if the petitioner did not first raise that claim in a timely and proper manner in state court, unless he can show "cause" for his default and "actual prejudice" from the alleged violation of federal law, or demonstrate that failure to consider his claims would result in a "fundamental

miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). The narrow "fundamental miscarriage of justice" – or "actual innocence" – exception requires a petitioner (1) to support his allegations of constitutional error with new reliable evidence not presented at trial, and (2) to show, in light of the new evidence, "that it is more likely than not that 'no reasonable juror' would have convicted him." *Schlup v. Delo*, 513 U.S. 298, 324, 329 (1995).

Additionally, Respondent asserts that, as to some of Petitioner's claims, this Court is bound by the decisions of the Arkansas Supreme Court and the Sharp County Circuit Court. Where a state court has previously adjudicated a claim on the merits, a federal habeas court cannot grant habeas relief for the same claim unless the state court adjudication (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law," as determined by the United States Supreme Court, or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The habeas court presumes any factual findings made by the state court to be correct unless rebutted by clear and convincing evidence. *Id.* § 2254(e)(1).

Petitioner's federal habeas petition and supporting brief (docs. 2, 3) address some of Respondent's arguments. However, to ensure that Petitioner is given a full opportunity to respond, he is granted until September 17, 2010, to file a written pleading, along with any available supporting documentation not submitted previously, in which he further explains:

(1) why he did not file his federal habeas petition before January 29, 2010, the date cited by Respondent as the deadline for filing;

(2) why he did not raise all of his claims for relief in state court (before or during his trial, in his direct appeal to the Arkansas Supreme Court, in his Rule 37 post-conviction proceedings in the Sharp County Circuit Court, or in an appeal of the Rule 37 denial);

(3) why he is entitled to relief on his claims already decided by the state courts, including the submission of any evidence to rebut the state courts' findings on his claims regarding the sufficiency of the evidence and the ineffectiveness of his trial counsel; and

(4) how he was actually prejudiced by the constitutional violations he alleges.

When the Court receives Petitioner's pleading, the Court will decide whether this petition should be dismissed for the reasons stated by Respondent.

IT IS SO ORDERED this 17th day of August, 2010.

_____
UNITED STATES MAGISTRATE JUDGE